UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ELBERT JOHNSON,

    Petitioner,

v.                                                          Case No. 5:21-cv-154-TKW-MJF

RICKY D. DIXON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Elbert Johnson has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging four state-court judgments. Doc. 1. Respondent ("the State") moves to dismiss the petition as partially successive and overall untimely. Docs. 13, 15. Johnson concedes the successiveness and untimeliness issues, but argues that his petition should not be dismissed. Docs. 1, 5, 17. The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Johnson's petition should be dismissed.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Page 1 of 14

## I. BACKGROUND AND PROCEDURAL HISTORY

Johnson is an inmate of the Florida Department of Corrections confined at Wakulla Correctional Institution. Doc. 17. Johnson's § 2254 petition challenges the following four criminal judgments entered in the Circuit Court for Jackson County, Florida:

- Johnson's conviction for misdemeanor Battery in Case No. 1980-365, for which he was sentenced on August 25, 1980, to 1 year of imprisonment in the county jail.

- Johnson's conviction and sentence for Escape in Case No. 1980-366, for which he was sentenced on August 25, 1980, to 15 years of imprisonment in state prison (to run consecutively to any other sentence he was serving);

- Johnson's conviction for Attempted Second Degree Murder in Case No. 1980-356, for which he was sentenced on September 25, 1980, to 15 years of imprisonment in state prison (to run consecutively to his sentence for Escape in Case No. 1980-366); and

- Johnson's conviction for Armed Robbery in Case No. 1979-636, for which he was sentenced on September 25, 1980, to 100 years of imprisonment in state prison (to run consecutively to his sentence for Attempted Second Degree Murder in Case No. 1980-356).

Doc. 1 at 1; *see also* Doc. 1-1, Ex. A (J. & Sentence, No. 1979-636); Ex. B (J. & Sentence, No. 1980-365); Ex. D (J. & Sentence, No. 1980-356); Doc. 15-1, Ex. G (J. & Sentence, No. 1980-366).[2]

Johnson challenges the Armed Robbery conviction on the ground that the charging document failed to allege the essential element of intent. Doc. 1 at 5; *see also* Mem. at 2, 4-6. Johnson challenges the remaining convictions and sentences on the ground that the judge was biased, in violation of Johnson's due process rights. Doc. 1 at 6-10; *see also* Mem. at 2-3, 6-10. Johnson explains that when he appeared in state court for sentencing on the Armed Robbery conviction, he battered a bailiff and escaped, which gave rise to the charges in Case Nos. 1980-365 and 1980-366. Doc. 1, Mem. at 2. While a fugitive, Johnson then committed the Attempted Second Degree Murder which gave rise to the charge in Case No. 1980-356. *Id*. Johnson alleges that the judge who witnessed the Battery and Escape (Judge McCrary) recused himself from the trial on those charges, but did not recuse himself from sentencing and, in fact, sentenced Johnson on the Battery and Escape convictions. *Id*. at 2-3, 6-10. Johnson also complains that Judge McCrary improperly presided

---

[2] Citations to the state court record are to the electronically-filed exhibits attached to Johnson's petition, Doc. 1, and the State's motion to dismiss, Doc. 15. The court cites the docket entry number followed by the lettered exhibit.

over his trial and sentencing for the Attempted Second Degree Murder. *Id*. at 3, 6-10.

Because Johnson's sentences were imposed consecutively, he is considered "in custody"—for federal habeas purposes—under all of them until all are served. *See Garlotte v. Fordice*, 515 U.S. 39, 41 (1995) (holding that a petitioner in state custody may challenge the first of multiple, consecutive sentences imposed—even if the first sentence has expired—because the multiplicity of sentences represents "a continuous stream" of custody under 28 U.S.C. § 2254(a)); *Peyton v. Rowe*, 391 U.S. 54, 67 (1968) ("[A] prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of § 2241(c)(3).").

## II. Discussion

**A.   Johnson's Petition Is An Unauthorized "Second or Successive" Habeas Corpus Application As To The Armed Robbery Judgment**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Johnson's § 2254 petition, because the petition was filed after the AEDPA's effective date of April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). "The central purpose behind the [AEDPA] was to ensure greater finality of state and federal court judgments in criminal cases, and to that end its provisions greatly restrict the filing of second or successive petitions." *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1269 (11th Cir. 2004). Section 2244(b)(3)(A) of Title 28 of

the United States Code provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2018) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to obtain order from court of appeals authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

This court takes judicial notice of its own records in *Johnson v. Crosby*, No. 5:05-cv-88-SPM-MD. In that case, Johnson filed a § 2254 petition on April 15, 2005, challenging the same Armed Robbery judgment at issue here.[3] *See Johnson v.*

---

[3] Under Federal Rule of Evidence 201(b), a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). "A court may take judicial notice of its own records." *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

*Crosby*, No. 5:05-cv-88-SPM-MD, ECF No. 1 (Pet.). The respondent in Johnson's 2005 case moved to dismiss the petition as an unauthorized "second or successive" habeas corpus application, and provided copies of this court's records in three prior § 2254 cases Johnson filed challenging the same judgment. *See Johnson*, No. 5:05-cv-88-SPM-MD, ECF No. 9 (Mot. to Dismiss). On January 18, 2006, the court dismissed Johnson's 2005 petition as an unauthorized "second or successive" habeas corpus application. *See Johnson*, No. 5:05-cv-88-SPM-MD, ECF No. 14 (R. & R.), ECF No. 18 (Order Adopting R. & R.). The report and recommendation in that case explained:

> [O]n February 13, 1986 petitioner filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the same [armed robbery] conviction. (*See Johnson v. Wainwright*, Case Number MCA 86-2006/RV/SMN; *see also* Doc. 9, Ex. J). That petition was denied. (*Id. see also* Exs. O, P & Q) On March 25, 1987 petitioner filed another § 2254 petition in this court challenging the same conviction. (*See Johnson v. Dugger*, Case Number 87-50065/RV/SMN; *see also* Ex. T). Ultimately, that petition was denied as well. (*Id.*; *see also* Exs. AA, BB & CC). On March 5, 1990, petitioner filed a third petition under § 2254. (*See Johnson v. Dugger*, Case Number 90-50070/WS/SMN, *see also* Ex. DD). The petition was dismissed as an abuse of the writ. (*Id.*; *see also* Exs. II & JJ). The United States Court of Appeals for the Eleventh Circuit affirmed on September 9, 1992. (Ex. OO). Rehearing was denied on October 26, 1992. (Ex. QQ). Petitioner filed the instant petition, his fourth, on April 15, 2005. (Doc. 1).

*See Johnson*, No. 5:05-cv-88-SPM-MD, ECF No. 14 at 1-2 (R. & R.).

Johnson concedes that his present petition is a "second or successive" habeas corpus application with regard to the Armed Robbery judgment. Doc. 5 at 1-2. He also concedes that he has not obtained the Eleventh Circuit's authorization to file a "second or successive" petition challenging that judgment. *Id*. Johnson's failure to receive the requisite authorization operates as a jurisdictional bar and requires dismissal of the petition to the extent it challenges Johnson's Armed Robbery judgment in Case No. 1979-636. *See Burton*, 549 U.S. at 152, 157; *Fugate*, 301 F.3d at 1288.

**B.     Johnson's Petition Is Untimely As To His Other Judgments**

  **1.     *Johnson's Petition Is Untimely***

The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Johnson does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his judgments became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date the relevant judgment became final. *See* 28 U.S.C. § 2244(d)(1).

Johnson did not directly appeal his 1980 judgments for Battery, Escape, and Attempted Second Degree Murder. *See* Doc. 15 at 3-5.[4] Accordingly, all of these judgments became final before the effective date of the AEDPA. *See Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012)("[W]ith respect to a state prisoner who does not

---

[4] Johnson indicates on the petition form that he filed a direct appeal that concluded on April 26, 2021. Doc. 1 at 2 (identifying state-court appellate case number 1D20-1440). That was not a direct appeal, but rather an appeal from the denial of a state habeas petition Johnson filed in 2020. *See* Doc. 15-2, Exs. J-O; *see also Johnson v. State*, No. 1D20-1440, 322 So. 3d 625 (Fla. 1st DCA Apr. 26, 2021).

seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires[.]"); Fla. R. App. P. 9.110(b); Fla. R. App. P. 9.140(b)(3) (providing that an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence.").

Because Johnson's judgments became final before the effective date of the AEDPA, he had until April 23, 1997 to file a timely § 2254 petition, absent tolling. *See Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998) (holding that federal prisoners convicted before the AEDPA's effective date must be given a "reasonable time" to file a § 2255 motion, which is one year from the Act's effective date); *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998) (holding the same in the context of a § 2254 petition, and determining that the petition must be filed by April 23, 1997); *Ponton v. Sec'y, Fla. Dep't of Corr.*, 891 F.3d 950, 954 n.8 (11th Cir. 2018) (same).

Johnson did not file any application that qualified for statutory tolling under 28 U.S.C. § 2244(d)(2), during that critical one-year period. Johnson's state mandamus proceeding (*see* Doc. 15-1, Exs. A-E), and his state habeas proceeding (*see* Doc. 15-2, Exs. J-O), did not toll the limitations period, because they were filed after the federal habeas limitations period expired. *Webster v. Moore*, 199 F.3d 1256,

1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Johnson's § 2254 petition, filed on July 26, 2021, is untimely by over 24 years. Johnson acknowledges that fact. Doc. 1 at 13-14; Doc. 17 at 5-7.

### 2.  *Johnson Is Not Entitled To Equitable Tolling*

Johnson asserts that he is entitled to equitable tolling because (1) he was incarcerated prior to passage of the AEDPA and lacked knowledge of the limitations period and (2) he lacked knowledge of the constitutional implications of Judge McCrary's failure to recuse himself, until Johnson met an inmate at Dade Correctional Institution who told him so. Doc. 1 at 13-14; Doc. 17 at 6.

#### (a).  Equitable Tolling Standard

The statute of limitations may be equitably tolled only when a petitioner shows that: (1) he pursued his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is an extraordinary remedy that is limited to rare, exceptional circumstances. *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).

#### (b).  Lack of Extraordinary Circumstances for Equitable Tolling

"[P]ro se litigants, like all others, are deemed to know of the one-year statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1283 n. 4 (11th Cir. 2007).

Johnson's ignorance of the law concerning the limitations period and his underlying claims does not justify equitable tolling. *See Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) ("We have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005))); *see also Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (holding that neither a petitioner's *pro se* status, his incarceration prior to the AEDPA's passage, nor his ignorance of the law is a rare and exceptional circumstance because "it is typical of those bringing a § 2254 claim.").

### (c).   Johnson Fails To Establish That He Exercised Diligence

Johnson also fails to carry his burden of proving the diligence required for this court to grant equitable tolling. Johnson fails to allege facts suggesting that he attempted to file his § 2254 petition within the one-year limitations period, much less that he diligently pursued relief. *See Dodd v. United States*, 365 F.3d 1273, 1283-84 (11th Cir. 2004) (holding that prisoner was not entitled to equitable tolling of the § 2255 limitations period because he presented no evidence that he undertook any action that would suggest reasonable diligence under the circumstances). Johnson's failure to show that he exercised diligence is fatal to his equitable tolling argument. *See Lowe v. Fla. Dep't of Corr*, 679 F. App'x 756, 759 (11th Cir. 2017) (denying equitable tolling where petitioner failed to show diligence).

For the reasons discussed above, the undersigned concludes that Johnson's federal habeas petition is untimely as to Johnson's Battery, Escape, and Attempted Second Degree Murder judgments, and that the petition should be dismissed.

## III. CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

### IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's motion to dismiss, Doc. 15, be **GRANTED**.
2. The petition for writ of habeas corpus (Doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Elbert Johnson*, Jackson County Circuit Court Case No. 1979-636, be **DISMISSED** for lack of jurisdiction.

3. The petition for writ of habeas corpus (Doc. 1), challenging the judgments of conviction and sentences in *State of Florida v. Elbert Johnson*, Jackson County Circuit Court Case Nos. 1980-356, 1980-365, and 1980-366, be **DISMISSED WITH PREJUDICE** as time-barred.

4. The District Court **DENY** a certificate of appealability.

5. The clerk of court close this case file.

At Panama City, Florida, this <u>18th</u> day of February, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**